(February 29, 1892.)

PEOPLE EX REL. O'NEIL v. BANCROFT ET AL.

[29 Pac. 112.]

POWER OF TRUSTEES OF INCORPORATED TOWN—BOARD OF COUNTY COMMISSIONERS—CANNOT DISSOLVE CORPORATION.—1. There is no method provided under our statute whereby the trustees of a town can dissolve the corporation or effect a disincorporation, and it is not within the power of such trustees to abandon such incorporation and procure a reincorporation.

COUNTY COMMISSIONERS CANNOT REINCORPORATE.—2. The board of county commissioners cannot reincorporate a town having already a valid corporate existence.

No LAW AUTHORIZING TRUSTEES TO DISINCORPORATE.—3. All acts done
by a board of trustees of a lawfully incorporated town in an at-
tempt to abandon or disincorporate such municipality and set up
a new government are without authority of law and void.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

R. E. McFarland and Albert Hagan, for Appellant.

When these defendants accepted the offices of the several trusts
of the town of Coeur d'Alene, they thereby admitted the exist-
ence of the incorporation, its legality and were presumed to per-
form their duties and execute their trusts as such officers. They
cannot be held to say that the incorporation under which they
were elected and acting was illegal; that they were elected such
officers, and had accepted such trusts. (*Board v. Serrett,* 31 La.
Ann. 719, 33 Am. Rep. 229: *Johnson v. Kissler,* 76 Iowa, 411, 41
N. W. 57; *Close v. Cemetery,* 107 U. S. 466, 2 Sup. Ct. Rep. 267.)
The court alone can pass upon the validity of any *de facto* in-
corporation. (*State v. Bank,* 5 Ark. 595, 41 Am. Dec. 109;
*State v. Turnpike,* 15 N. H. 162, 41 Am. Dec. 692; *Regents
v. Williams,* 9 Gill & J. 365, 31 Am. Dec. 72; *Boston Glass
Co. v. Langdon,* 24 Pick. 49, 35 Am. Dec. 292; *Moore v. Mayor,
etc.,* 73 N. Y. 238, 29 Am. Rep. 134; *Wienman v. Railway Co.,*
118 Pa. St. 192, 12 Atl. 288; *Marshall Foundry Co. v. Killian,*
99 N. C. 501, 6 Am. St. Rep. 539, 6 S. E. 680; *Branch v. Jessup,*
106 U. S. 468-476, 1 Sup. Ct. Rep. 495.) Since all our incor-
porations come from the legislature, a municipal corporation
cannot dissolve itself or surrender its franchise. (Dillon on
Municipal Corporations, sec. 167; *Brennan v. Weatherford,* 53
Tex. 330, 37 Am. Rep. 758; *Morris v. State,* 65 Tex. 53.)

Fred L. Burgan and Kent & Fogg, for Respondents.

When the real object of the *quo warranto* against an officer
is to test the validity of the charter, it will not be granted.
(*Queen v. Taylor,* 11 Ad. & E. 949; 4 Am. & Eng. Ency. of
Law, 293, note 1.) A change in the charter of a municipal cor-
poration, in whole or in part, by an amendment of its provi-
sions or the substitution of a new charter in the place of an
old one, embracing substantially the same corporators and the

same territory, will not be deemed, in the absence of express legislative declaration otherwise, to affect the identity of the corporation, or to relieve it from its previous liabilities, although different powers are possessed under the amended or new charter, and different officers administer its affairs. (*Broughton v. Pensacola,* 93 U. S. 266; Dillon on Municipal Corporations, secs. 85, 171.) Having made the town of Coeur d'Alene defendant, the people are estopped from denying the fact that it possesses a corporate franchise. (*State v. Bank,* 33 Miss. 474; *State v. Coke Co.,* 18 Ohio St. 262.)

MORGAN, J.—This is an action brought by Charles W. O'Neill, district attorney for the first judicial district, against H. L. Bancroft, R. R. Smith, A. H. Butler, John Curry, James H. Harte, Fred L. Bergan, G. P. Mims, A. E. Noble, and the town of Coeur d'Alene. The complaint alleges that on the sixth day of April, and a long time prior thereto, there existed a municipal corporation known as the "Inhabitants of the town of Coeur d'Alene." That said town was incorporated under the laws of the territory of Idaho, and as such had its town trustees and other officers duly elected and qualified, and acting as such. That on the sixth day of April, 1891, an election was held in said town for five trustees. At such election H. L. Bancroft, J. H. Harte, R. R. Smith, A. H. Butler and John Curry were duly elected as such trustees. That they were duly sworn, and qualified as such trustees, and accepted the trust thus placed in their hands, and entered upon their duties as such trustees. That said trustees held a regular meeting of their board on the twenty-seventh day of April, 1891. That at said meeting said trustees of said town directed the committee of street surveying to employ a competent surveyor to fix the boundaries of the town preparatory to reincorporation, and thereupon adjourned. That on the eighteenth day of May following, at an adjourned meeting, the plat and field-notes of A. D. Robinson, surveyor, were laid before the board of trustees as the report of the committee having been charged with the resurvey, and more strictly defining the metes and bounds of the town of Coeur d'Alene. The report was accepted, and the committee continued. By order of the board, Mr. Burgan was

instructed to formulate a petition to the county commissioners of Kootenai county, petitioning them to incorporate the town of Coeur d'Alene in accordance with the survey and plat of said Robinson, survey and plat accompanying the petition. That said proceedings were void, and beyond the jurisdiction and power of said board and the members thereof, and a violation of their trust, and unlawful, and submits the same to this court for review. That said board of trustees and the said defendants above named, and divers other persons in the town of Coeur d'Alene, filed a petition, which was headed by the defendants above named, in which they, the said petitioners, petition the board of county commissioners of said county to declare that henceforth the inhabitants, within the boundaries described and hereinafter mentioned, be a body politic and corporate, under the name and style of the "Inhabitants of the Town of Coeur d'Alene," and by that name they and their successors shall be known in law, have perpetual succession to sue and be sued, implead and be impleaded, etc., in all courts of law and equity; with the further request that said town might be empowered to buy and sell and own real estate for the benefit of the town, have a common seal, etc. That at the meeting of the county commissioners held on the twenty-eighth day of May, 1891, the board of county commissioners of said Kootenai county declared said town to be incorporated as per petition on file under the name and style of the "Town of Coeur d'Alene," Kootenai county, Idaho, with boundaries as follows (here follows description in full of all lands in said town), and appointed the said H. L. Bancroft, R. R. Smith, A. H. Butler, John Curry and James H. Harte, trustees of the new town. That said persons so appointed trustees were the same persons that have heretofore been elected trustees of the old town or municipality known as the "Inhabitants of the Town of Coeur d'Alene." That thereupon, the said trustees, to wit, H. L. Bancroft, R. R. Smith, A. H. Butler, John Curry and James H. Harte accepted said appointment, and entered upon the discharge of their duties, as trustees of the newly incorporated town mentioned in said order, and now claim to be exercising the functions, powers and duties of officers and trustees of said town so incorporated. That the said territory so described and incorporated contains other and distinct territory and taxable

property and inhabitants than were included in the original corporation of the said town of Coeur d'Alene. The complainant further alleges that all of the said acts and proceedings are void, and in violation of the trusts reposed in the board of trustees of said town of Coeur d'Alene. That said trustees are false to their trusts, and have attempted to reincorporate said town, and have abandoned the former incorporation, as shown by said proceedings—all of which complainant alleges is illegal and void. The complaint further alleges that, in pursuance of the acceptance of the appointment, the said trustees have held meetings of their alleged board, and among other things passed motions and resolutions. Here follows a statement *in haec verba* of the motions and resolutions adopted by the said board on the fourth day of June, 1891, on the sixth day of June, 1891, and on the ninth day of June, 1891, being three several meetings of the board. That the said defendants, trustees as aforesaid, are proceeding to allow, audit, assume and pay the debts and liabilities, warrants and evidences of indebtedness, of said former town of Coeur d'Alene, known as the "Old Incorporation of the Inhabitants of the Town of Coeur d'Alene," and have been and are ignoring its ordinances, to wit, the ordinances of the said old incorporation, and in divers ways are proceeding illegally, and contrary to the rights and privileges of the citizens of said town; that they have been unfaithful to their trust, in this: That they are seeking to levy taxes and carry on the town or municipal corporation in the name of the "Town of Coeur d'Alene," by ignoring the old incorporation, and the territory so incorporated, and assume to incorporate new and other territory, levy taxes, impose fines, appoint salaried officers, fix their compensation and have in all things unfaithfully exercised, and are unfaithfully exercising, the duties pertaining to the office of trustee of the town of Coeur d'Alene. And, furthermore, that the said board of trustees have no authority whatever given them by law, or delegated to them in any manner, to make any appointments of officers, or to transact any business under the alleged new incorporation. That the said trustees, pretending to act as officers of said town, have appointed one Burgan, corporation counsel, and appointed J. Mims treasurer, all of which is illegal and contrary to law.

Complainant further alleges that he is informed and believes, and so charges, that the said pretended trustees and officers have usurped and unfaithfully intruded themselves into said pretended offices, and unfaithfully hold said offices, and exercise the functions and duties thereof. That the said defendants, nor either of them, have no right, title or legal claim to any of the said respective offices. That, as a consequence, the rights and constitutional privileges of the citizens of said incorporated town of Coeur d'Alene have become and are neglected and impaired, and being daily ignored, by such unfaithful usurpation and unfaithful claim to hold office. Complainant further alleges that such claim to hold said offices, and each of such claims, is without right or title in law or otherwise; alleges that he is district attorney of the first judicial district of the state of Idaho; that he brings this information for the benefit of the people, that the title of said offices may be settled, and in this behalf alleges that such officers, and each of them, should be declared to hold the said pretended offices without right or warrant and that all such proceedings by which the old town of Coeur d'Alene was forced to surrender its organization, and to assume new territory and new liabilities, are void and illegal. That all and singular of said proceedings of said board, pretended to be had and made since the said illegal appointment by the board of county commissioners, are void, and, if enforced, will deprive the citizens of said town of their legal incorporation, and of their legal right to taxes for internal improvements. That, at the time of the making of such order by said board of county commissioners, they, and each of the said commissioners, had full notice in all things of the existence of the corporation of the town of Coeur d'Alene, and their efforts to create a new corporation, including the old, and other territory, were, and have been ever since, illegal. That by said acts the said defendants have not been able to acquire or obtain any legal title to the offices so pretended to be held by them. Wherefore the complainant, and relator in his behalf, asks that judgment of this court be had in favor of the people of the state of Idaho; that is, to rule that the said defendants, and each of them, are not entitled to the said pretended offices, and they, and each of them, be ousted therefrom and that it be

ordered and declared that the old incorporation of the town of Coeur d'Alene be held intact, and that the present board of trustees and municipal officers, pretending to act under the said pretended new corporation and appointment, be enjoined herein from further proceeding, from the date of the filing of this complaint, and pretending to act as said board in any manner or matter touching the affairs of the people or the property or the citizens of said territory, known as the "Old Incorporation of the Town of Coeur d'Alene." That a decree of ouster be declared accordingly.

To this complaint the defendants filed a general demurrer. The court sustained the demurrer. The plaintiff declined to amend, and relied upon his complaint. Thereupon the court entered judgment dismissing the action, to which ruling the plaintiff excepted, and the cause is brought to this court by appeal.

The respondents claim that the complainant must affirmatively allege, by direct and positive averments, the facts that the defendants have usurped, and at the time of the filing of this complaint were in the possession of and claiming to hold, some office or franchise without authority of law. It appears to us that this is precisely what the complaint does state. Our statute (section 4168) says: "The complaint must contain the title of the action, the name of the court and county where the action is brought and the names of the parties. 2. A statement of the facts constituting the cause of action, in ordinary and concise language. 3. A demand of the relief claimed." The complaint first alleges the existence of the municipality known as the "Inhabitants of the Town of Coeur d'Alene," and that the defendants on April 6, 1891, were duly elected trustees of said town, qualified, accepted the trust conferred upon them by the people and entered upon the performance of their duties as such trustees. That on the twenty-seventh day of April, 1891, at a regular meeting of the said trustees, they passed a resolution directing one of the trustees, J. H. Harte, to employ a surveyor to fix the boundaries of the town preparatory to reincorporation. Then follows a report of the committee having in charge the survey of the town, which includes the plat and field-notes of A. D. Robinson, the

surveyor. The complaint then alleges that the survey, as made by A. D. Robinson, was adopted by the board, and J. H. Harte was instructed to formulate a petition to the commissioners of Kootenai county, petitioning them to incorporate the town of Coeur d'Alene. Then follows a statement that said petition was formed and signed by said trustees, and by other parties, and presented to the board of county commissioners. That said board of county commissioners on the twenty-eighth day of May, 1891, declared the said new town incorporated. That all this was contrary to law, illegal and void. Then follows the statement that H. L. Bancroft, R. R. Smith, A. H. Butler, John Curry and James H. Harte are appointed trustees for said town of Coeur d'Alene; that they qualified and entered upon their duties as such trustees of such new town, and have been and now are claiming to be exercising the functions, powers and duties of officers and trustees of said town so described in the order of the board of county commissioners. Then follows a brief statement of all the acts and doings of the said alleged board of trustees during the three meetings that occurred thereafter, being on June 4, June 6, and June 9, 1891, with allegations that all of said acts are void and contrary to law. It would seem that there could scarcely be a better statement of complainant's cause of action than he has made in this complaint. After stating the election of these men as trustees of the old town, and their acceptance of the duties under said election, he goes on to show that almost the first act performed by them, after said election and qualification, was an attempt to abandon the old town organization, and incorporate and establish a new town organization. This was clearly not within the powers and duties devolving upon them under the law. The powers and duties of trustees of towns and villages are well defined in section 2230 of the Revised Statutes of Idaho, namely: "To pass by-laws and ordinances, to prevent and remove nuisances, to prevent and restrain and suppress bawdy-houses, gambling-houses, opium dens, and other disorderly houses within the limits of said town or village." In short, to do any and every act to promote the welfare, good order and health of the people living within the municipality. Their powers are arranged in this section under thirty-six different

heads, forming a complete municipal government providing for the safety, peace and happiness of the people. The trustees, as such, have no right or power to dissolve, or attempt to dissolve, the corporation. They may resign their offices, but, while they remain and attempt to exercise the duties of trustees, they can only do so in accordance with the laws of the state. If it was desired or the intention of these trustees or other inhabitants of the town to add more territory to the municipality, there is a way provided for them to do so in the law of the last session of the legislature entitled "Towns and Villages," which will be found on pages 161, 162 of Session Laws of 1890-91. If it was desired to change the name of the corporation from the "Inhabitants of the Town of Coeur d'Alene" to "Coeur d'Alene," there is a method provided for that also in the act in relation to towns and villages, First Session of the State Legislature, page 127. If it was desired to extinguish the old town, and create a new one, consisting of the same territory, it is not within the power of the trustees nor of the people of said town to do so. Towns and villages are created by authority of the legislature, and the only manner in which such municipal corporations can be dissolved is by act of the legislature. (Const., art. 12, sec. 1; Dillon on Municipal Corporations, secs. 170, 173.) Dillon on Municipal Corporations (section 167) says: "Since all of our charters of incorporation come from the legislature, a municipal corporation cannot dissolve itself by a surrender of its franchise. The state creates such corporations for public ends, and they will and must continue until the legislature annuls and destroys them, or authorizes it to be done." (*Morris v. State*, 65 Tex. 53.) When the method pointed out by the statute for the incorporation of towns and villages is adopted by the inhabitants of a certain district, a municipal corporation results; and all of the acts of said inhabitants which are had in accordance with the law, and the act of the board of county commissioners in organizing the town, become and are, as to such inhabitants, a part of the law of the state. (Dillon on Municipal Corporations, sec. 308.) If there could be any such thing as the surrender of a charter and authority or privileges of the said town, it would, from necessity, have to be made to the legislature, and its ac-

ceptance would have to be manifested by appropriate legislative action. (*Brennan v. Weatherford,* 53 Tex. 330, 37 Am. Rep. 758.) Municipal corporations, incorporated under a general act, which contains provisions for their dissolution, can be disincorporated in the method prescribed in the act, and by that means only. In our law for the incorporation of towns and villages, there is no method prescribed for the dissolution of these incorporations; therefore they cannot be dissolved either by the trustees or by the inhabitants.

The respondents contend that the complaint alleges that the trustees claim to hold and exercise the rights of a body politic and corporate, to wit, an incorporated town, under the provision of title 13 of the Political Code of Idaho, and does not allege in any part of the complaint that the said town, or any of its officers, hold or exercise, or claim to hold or exercise, any of the rights, powers and privileges beyond those conferred upon it by said title; and contend, also, that the franchise and charter that the complaint admits and alleges the said old town of Coeur d'Alene possessed, and the offices which in said complaint it is admitted that the said defendant trustees lawfully hold, are identical with the charter, franchise and offices it is alleged they usurped; but the said trustees claim to hold office, and to exercise their powers and duties, under the new incorporation, erected by the board of county commissioners out of the same territory which was organized into a town, and the said board of trustees was elected by the people, and before any action was taken by the board of county commissioners. It is impossible for the board of county commissioners, or any other power, to wipe out one town, or dissolve its incorporation, and erect a new town out of the same and additional territory, or out of the same territory, or any part of the same territory. It follows, therefore, that the old town still exists, with all its powers, duties, and obligations; that the only thing needed is to set its machinery in motion by means of the proper officers. (Dillon on Municipal Corporations, sec. 168; *Schriber v. Town of Langlade,* 66 Wis. 616, 29 N. W. 547, 554.)

Respondents also claim that the old corporation has simply been merged in that of the new. This cannot be done. The respondents also contend that the real object of the trustees in

applying to the board of county commissioners was not for the purpose of surrendering any franchise they held in trust for the people, nor to ask for new power or an extension of territory, but simply to put on record a definite and accurate statement of the boundaries; but it is clear, from the allegations of the complaint, that they did attempt to abandon the old town and to organize a new one, taking more territory and changing the name. Not only that, but they accepted office by appointment of the board of county commissioners in the new town. If they were still exercising their duties as trustees of the old town, they needed no appointment from the board of county commissioners. They had all been elected, and were duly qualified. If they desired simply to put on record a more definite and accurate statement of the boundaries of the town, they could have done so by directing a surveyor to make a survey and mark the boundaries.

It is claimed, also, that there is no allegation in the complaint that the said trustees asserted any claim or performed any act in any way inconsistent with their full knowledge of the legal corporation under which they were elected; but they have ignored the incorporation entirely under which they were elected, and accepted an appointment to office under a new and different incorporation, and this is fully set forth in the complaint. The complaint shows that the appointment of the trustees and the reorganization of the town was illegal and void, simply by setting forth the facts attending its pretended reorganization and the appointment of its officers, and alleging the illegality thereof. The board of trustees, as trustees of the new town, all the proceedings for the incorporation of which are declared to be void, have no power to make any appointment of any officers under the new organization, and all such alleged appointments or attempted appointments are void. (Dillon on Municipal Corporations, sec. 89.) We think that the complaint states a complete cause of action, and the judgment of the court below is reversed, and the cause remanded for further proceedings. Costs awarded to appellant.

Sullivan, C. J., and Huston, J., concur.